IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN CHARTIER, on behalf of himself and all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> MASTEC, INC., <br><br> *Defendant*. | Civil Action No. 18-cv-12109 |

**CLASS AND COLLECTIVE ACTION COMPLAINT
AND JURY DEMAND**

**I.   INTRODUCTION.**

1. This is a class and collective action brought by Justin Chartier ("Plaintiff") on behalf of himself and all similarly situated individuals who have worked as satellite installation technicians for MasTec, Inc. ("Defendant") in Massachusetts and Connecticut during the relevant statutory period. Defendant has employed satellite installation technicians, including Plaintiff, to service and install satellite television in private residences and commercial businesses throughout Massachusetts and Connecticut.

2. Plaintiff brings state wage law claims and Fair Labor Standards Act claims ("FLSA"), 29 U.S.C. § 201 et seq., on his own behalf and on behalf of all other MasTec satellite installation technicians because Defendant illegally deducted amounts from their earned wages when, for example, customers complained of issues after the Plaintiff and other employees completed their work. These deductions are unlawful under the Massachusetts Wage Act, and also lowered the technicians' pay below the overtime pay required by state law and the FLSA.

1

Plaintiff brings similar claims in the alternative for violations of the Connecticut wage laws.

3.      Defendant has also failed to pay its Plaintiff and other similarly situated employees the agreed upon wage rates for all installations.

## II.     PARTIES

4.      Plaintiff Justin Chartier is an adult resident of Ware, Massachusetts who has worked for Defendant in Massachusetts as a satellite installation technician from approximately November 2014 February 2018.

5.      Plaintiff brings this case as a class action under Fed. R. Civ. P. 23 and M.G.L. c. 149, §§ 148 and 150, on behalf of a class of all MasTec satellite installation technicians in Massachusetts and Connecticut.  The proposed class of technicians satisfies all the requirements for class certification, as the group is so numerous that joinder of all members is impracticable; there are questions of law and fact raised by Plaintiff's claims common to all members of the proposed class; these common issues predominate over any individualized issues; Plaintiff is typical of all other MasTec technicians; Plaintiff and their counsel are adequate representatives of the class; and class treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

6.      Plaintiff also asserts claims under the FLSA on his own behalf and on behalf of all those similarly situated as a proposed collective action under 29 U.S.C. § 216(b).

7.      Defendant MasTec, Inc. ("MasTec" or "Defendant") is a Florida Corporation that does extensive business in Massachusetts and Connecticut as a home service provider for DIRECTV.  MasTec routinely assigned Plaintiff and other technicians to provide satellite installation and repair services throughout Massachusetts and Connecticut to MasTec's

customers.

8.  Plaintiff and Defendant is engaged in interstate commerce and they are therefore covered by the FLSA.

### III. JURISDICTION AND VENUE

9.  This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

10. Plaintiff has filed a Complaint with the Massachusetts Attorney General and has received a "right to sue" letter.

11. Venue is proper in this Court because Plaintiff is a resident of Massachusetts and Plaintiff and other employees were employed by Defendants in Massachusetts.

### IV. CLASS AND COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings this action on behalf of himself and all other similarly situated employees of Defendants in Massachusetts and Connecticut. Plaintiff's written consent form is attached hereto as Exhibit A.

13. MasTec contracts with DIRECTV to provide satellite installation services for private residences and commercial businesses throughout Massachusetts and Connecticut.

14. In 2014, MasTec hired Plaintiff as a satellite installation technician. While he often visited a MasTec office in East Hartford, Connecticut, Plaintiff performed a substantial amount of work in Massachusetts and Connecticut.

15. Defendant assigned Plaintiff and approximately 100 other technicians like Plaintiff to complete installation and repair jobs throughout Massachusetts and Connecticut. All technicians are paid a "piecerate" for each job that they perform.

16.   The piecework rate for installation jobs varies from approximately $80 per job to $130 per job based on experience. However, the piecework rate for all service jobs is always $20 regardless of experience.

17.   Technicians often work as much as 6 days per week and up to 60 hours per week, and they mostly rely on the piecework payments for each job performed as the sole basis of their wages.

18.   For example, in the week ending January 20, 2017, Plaintiff worked 53.21 hours as shown on his paystub received from Defendant.

19.   In weeks when Plaintiff and other technicians worked more than forty hours per week, they received some overtime pay calculated based on their regular hourly rate.

20.   However, it is Defendant's policy to frequently deduct amounts from Plaintiff's and technicians' earned wages for "rollback" fees and other penalties.

21.   The result of these deductions is that a technician may spend hours performing a complex job, and then have all of their wages related to that job (or a significant portion thereof) deducted from his or her pay several weeks later if DIRECTV informs MasTec of a customer complaint related to the work. These deductions can occur up to 60 days after a job is performed.

22.   It is within MasTec's sole discretion to make these deductions for a "rollback" from the technicians' pay.  Technicians like Plaintiff have no opportunity to challenge the deduction.

23.   Defendant has deducted hundreds of dollars worth of "rollback" fees from Plaintiff and other technicians over the course of their employment.

24.   For example, in the week ending January 20, 2017, Plaintiff worked 53.21 hours, he received $88.01 in overtime pay, but MasTec then deducted $33.00 from his pay.

25. The deductions violate the Massachusetts Wage Act and Connecticut law because they deprive Plaintiff and other technicians of all earned wages and constituted unlawful withholding and deductions form wages.

26. The deductions also violate the Massachusetts and Connecticut overtime statutes and the FLSA's overtime provision, because they have the effect of depriving Plaintiff and technicians of their full overtime pay, to which they are entitled under state law and the FLSA.

27. Defendant also purports to offer technicians enhanced piecework rates for certain categories of work, but Defendant has never paid Plaintiff any enhanced rates.

28. Defendants' violations, as set forth above, have been made knowingly and willfully, or in reckless disregard of their employees' rights.

**COUNT I**

**(Violation of the Massachusetts Wage Law – Failure to Pay Wages and Illegal Deductions from Wages)**
**(Brought on behalf of Plaintiff and proposed Rule 23 class)**

29. Plaintiff and the similarly situated employees he seeks to represent incorporate by reference the previous paragraphs of this complaint.

30. Defendant has violated M.G.L. c. 149 § 148 by making certain unlawful deductions from the paychecks of Plaintiff and other technicians for "rollback" fees and other fines, penalties, and "chargebacks."  These deductions deprive Plaintiff and class members of their earned wages.  This count is brought pursuant to M.G.L. c. 149 §§ 148 and 150.

31. Defendant has violated M.G.L. c. 149 § 148 by unlawfully failing to pay Plaintiff and the proposed class members their earned wages by failing to apply the compensation formula

agreed-upon by Defendant and the members of the proposed class. This count is brought pursuant to M.G.L. c. 149 §§ 148 and 150.

## COUNT II

### (Massachusetts Overtime Statute)

### (Brought on behalf of Plaintiff and proposed Rule 23 class)

32. Plaintiff and the similarly situated employees they seek to represent incorporate by reference the previous paragraphs of this complaint.

33. Defendant has violated M.G.L. c. 151, § 1A by failing to pay Plaintiff and the proposed class members the Massachusetts overtime wages because the deductions from their wages often brought their total hourly pay below the overtime premium required by law. This court is brought pursuant to M.G.L. c. 151, § 1B.

## COUNT III

### (Fair Labor Standards Act–Failure to Pay Overtime Wages)

### (Brought on behalf of Plaintiff and proposed FLSA collective)

34. Plaintiff and the similarly situated employees they seek to represent incorporate by reference the previous paragraphs of this complaint.

35. Defendant has violated 29 U.S.C. § 207 by failing to pay Plaintiff and the proposed class members the overtime premium required by federal law because the deductions from their wages often brought their total overtime pay below what was required under the FLSA. This court is brought pursuant to 29 U.S.C. § 216(b).

## COUNT IV

**(Unpaid and Withheld wages in Violation of Conn. Gen. Stat. § § 31-71e)**

**(Brought on behalf of Plaintiff and proposed Rule 23 class)**

36.     Plaintiff and the similarly situated employees that he seeks to represent incorporate by reference the previous paragraphs of this complaint.

37.     Defendants did not pay Plaintiff and other similarly situated employees all the wages owed them.  Among other things, as described in above, Defendants unlawfully deducted amounts from Plaintiff's and class members' wages.

38.     Plaintiff brings these claims in the alternative, or in addition to, his claims for violation of the Massachusetts Wage Payment law, pursuant to Conn. Gen. Stat. § 31-72.

## COUNT V

**(Violations of Connecticut Overtime Statute, Conn. Gen. Stat. §§ 31-60, 31–76c)**

**(Brought on behalf of Plaintiff and proposed Rule 23 class)**

39.     Plaintiff and the similarly situated employees that he seeks to represent incorporate by reference the previous paragraphs of this complaint.

40.     Defendant has violated the Connecticut overtime statute by failing to pay Plaintiff and the proposed class members the overtime premium required by state law because the deductions from their wages often brought their total overtime pay below what was required under Connecticut law. This Count is brought in addition to, or in the alternative to, the claims for violation of the Massachusetts overtime statute.

## JURY DEMAND

The Plaintiff requests a trial by jury on the claims alleged herein.

WHEREFORE, the Plaintiff requests that this Court enter the following relief:

(1)  grant class certification allowing this action to proceed as a class action under Federal Rule of Civil Procedure 23 and M.G.L. c. 149 § 148 and c. 151 § 20;

(2)  grant certification of this case as an FLSA collective action and permit notice to be sent to potential Opt-in Plaintiffs;

(3)  award damages for all unpaid wages, deductions, or other losses resulting from Defendant's violations of state and federal wage laws, as described above

(4)  award the Plaintiff and class members liquidated and treble damages;

(5)  award the Plaintiff and class members reasonable costs, expenses, attorneys' fees, and pre-and post-judgment interest;

(6)  award Plaintiff and class members any other relief to which they may be entitled.

                         Respectfully submitted,
                         JUSTIN CHARTIER,
                         on behalf of himself and all
                         others similarly situated,

                         By his Attorneys,

                         */s/ Harold L. Lichten*
                         Harold L. Lichten, BBO #549689
                         Matthew Thomson, BBO #682745
                         LICHTEN & LISS-RIORDAN, P.C.
                         729 Boylston St., Suite 2000
                         Boston, MA 02114
                         (617) 994-5800
                         hlichten@llrlaw.com
                         mthomson@llrlaw.com


Dated:  October 9, 2018